IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY MITCHELL,

    Plaintiff,

v.

SARA WASSERBERG, et al.

    Defendants.

OPINION & ORDER

Case No. 16-cv-593-wmc

Plaintiff Roy Mitchell is proceeding in this lawsuit on First, Eighth and Fourteenth Amendment claims against defendants Sara Wasserberg and Tina Gensler arising out of their alleged failure to consider Mtichell's transgender identity when assigning her housing post-incarceration. This order deals with three pending motions:

## I. Plaintiff's Motion to compel

Mitchell seeks to compel defendants to respond to Requests for Production Nos. 12 and 13. In these requests, Mitchell asks for documentation and statistics of emergency housing funds given to other individuals under community supervision, as well as all instances in the last four years in which defendant Wasserberg sought emergency subsidies for any offenders under her supervision. Defendants object to both requests on the basis that information related to emergency housing funds given to other individuals under community supervision are not relevant or proportional to Mitchell's claims in this lawsuit. I disagree.

The court has granted Mitchell leave to proceed on a Fourteenth Amendment equal protection clause claim against the defendants because Mitchell alleges that she was treated worse than other individuals on community supervision because of her transgender status. Mitchell alleges, among other things, that even though Wasserberg could have used the emergency subsidy to put Mitchell in a hotel for a month, Wasserberg only provided Mitchell with one week of hotel funds after Mitchell had been sexually assaulted during her forced stay in a male homeless shelter. Evidence as to whether similarly situated cisgender individuals under Wasserberg's supervision were provided with longer emergency subsidies would be relevant to the determination whether Wasserberg was treating transgender clients differently from cisgender clients.

That said, defendants have a point with respect to their proportionality objection to RFP 12. While RFP 13 requests information for the past four years, RFP 12 is not so limited. Four years should provide a large enough representative sample for both RFPs without unduly burdening the defendants. Therefore, that's the time limit for both.

Here are some other points bearing on discovery: First, Mitchell must keep in mind that when she files materials with the court she must follow the redaction requirements set forth in Rule 5.2 of the Federal Rules of Civil Procedure. Second, Mitchell often files discovery materials in her lawsuits. This is not necessary; in fact, it is not helpful and Mitchell should stop doing it except where there is a separate reason to file these materials with the court. Filing discovery materials clogs the docket with irrelevant information and makes the file harder for everyone to use. More importantly, this practice might result in the inadvertent public disclosure of confidential or sensitive information. Mitchell should

do her best to avoid this problem. Third, if defendants seek a protective order permitting them to redact personal identifying materials from their discovery responses, then it is likely that the court will grant this request. While the circumstances and gender identification of other recipients of emergency housing are relevant to Mitchell's claim, she has no need to know the identities of other recipients of emergency subsidies.

II.     Motion for sanctions

Mitchell's motion for sanctions complains about the nature of defendants' answer to her complaint. Defendants filed a general denial to her complaint because Mitchell's complaint was not organized by paragraph and instead included long paragraphs of allegations. I am denying this motion because Mitchell has not identified any sanctionable conduct by the defendants. To the extent that Mitchell believes that she needs more specific responses, she may serve discovery requests to obtain this information.

III.     Motion for PACER access

Mitchell requests a court order granting her free access to PACER. In the motion, she explains that she is proceeding *in forma pauperis* and she does not have the funds available to pay for access to the PACER online docketing system. Individuals proceeding *in forma pauperis* do not automatically receive free access to PACER; rather, such individuals are directed to petition the court for free access, and courts may grant such requests upon a finding that the applicant is indigent and that free access is "necessary to avoid

3

unreasonable burdens." *See* Electronic Public Access Fee Schedule, https://www.pacer.gov/documents/epa_feesched.pdf (last visited May 29, 2018).

Given that this lawsuit is in its beginning stages and I anticipate further motion practice in addition to dispositive motions, I am persuaded that Mitchell will suffer an unreasonable burden without free access to PACER. Therefore, I will GRANT her motion, but only insofar as Mitchell will be exempted from paying fees incurred in connection with filing and accessing electronic documents *in this particular lawsuit*. Mitchell will not be exempt from the payment of fees incurred in connection with other uses of the ECF or PACER system in this court.

ORDER

IT IS ORDERED that:

1. Plaintiff Roy Mitchell's motion to compel (dkt. 69) is GRANTED, as set forth above.
2. Plaintiff's motion for sanctions (dkt. 66) is DENIED.
3. Plaintiff's motion for PACER access (dkt. 52) is GRANTED.

Entered this 30th day of May, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge